[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14460
Non-Argument Calendar
_____

D. C. Docket No. 03-14197-CV-KMM

MARTIN G. CHESTNUT,

Petitioner-Appellant,

versus

JAMES MCDONOUGH, Secretary,
Florida Department of Corrections,
CHARLIE CRIST,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 5, 2006)

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Martin G. Chestnut ("Chestnut"), a Florida state prisoner serving a 270-month sentence for sexual battery on a person 12 years of age or older but less than 18 years old, proceeding *pro se*, challenges the district court's denial of his *pro se* federal habeas petition, brought pursuant to 28 U.S.C. § 2254. On appeal, Chestnut argues that trial counsel's failure to object on hearsay grounds to the inadmissible testimony of the victim's mother, the victim's friend, and a pediatric nurse falls below an objective standard of reasonableness, was deficient performance, and was a violation of his Sixth Amendment right to effective assistance of counsel. Chestnut also argues that trial counsel rendered ineffective assistance while cross-examining the victim by "opening the door" to highly prejudicial and otherwise inadmissible evidence of uncharged collateral sexual misconduct.[1]

We review *de novo* a district court's determination as to whether the standard for granting a § 2254 petition has been met. *Van Poyck v. Florida Dep't of Corrs.*, 290 F.3d 1318, 1321 (11th Cir. 2002). Where a state prisoner's claim has been adjudicated on the merits in state court, federal courts may only grant habeas relief where the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[1] We granted a certificate of appealability as to these two issues only.

2

Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"The 'contrary to' and 'unreasonable application' clauses of § 2254(d)(1) are separate bases for reviewing a state court's decisions." *Putnam v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 1519, 146 L. Ed. 2d 389 (2000)). A state court's decision is "contrary to" federal law if (1) the court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or (2) the court confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent, but arrives at an opposite result from that arrived at by the Supreme Court. *Id.* An "unreasonable application" of federal law occurs when the state court either (1) correctly identifies the legal rule from Supreme Court precedent but unreasonably applies the rule to the facts of the case, or (2) "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Id.*

In the instant case, the issue before us is not whether the state trial and appellate courts' decisions were "contrary to" federal law, but whether the decisions were "unreasonable applications" of federal law. The clearly established

3

federal law on this issue is the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, for a movant to demonstrate whether counsel has provided ineffective assistance, he must show both (1) deficient performance by counsel and (2) a reasonable probability that counsel's deficient performance affected the trial outcome. *Id.* at 687, 104 S. Ct. at 2064. As to the performance prong, the reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential. *Id.* at 689, 104 S. Ct. at 2065. Moreover, the defendant bears the burden of proving that counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Id.* at 687-88, 104 S. Ct. at 2064-65.

As to the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. In other words, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691, 104 S. Ct. at 2066. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104

4

S. Ct. at 2068. We have noted that both this Court and the Supreme Court "have said that strategic choices are 'virtually unchallengeable.'" *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998) (citations omitted). We have further explained that this is especially so "where those decisions were made by experienced criminal defense counsel." *Id.*

Assuming *arguendo* that trial counsel's performance was constitutionally deficient for failing to object to alleged hearsay testimony, Chestnut cannot show, absent the alleged hearsay testimony, that there was a reasonable probability that the trial's outcome would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. The jury heard detailed testimony from the victim on direct examination (1) identifying the defendant as Chestnut, and (2) stating that Chestnut had on two separate occasions inserted his finger inside her vagina. The victim also testified, over trial counsel's hearsay objection, that she had told a nurse that Chestnut had put his finger inside her vagina, and that the nurse had subsequently conducted a physical examination.

Regarding Chestnut's claim that trial counsel rendered ineffective assistance during cross-examination by allowing in otherwise inadmissible evidence of collateral crimes, we conclude from the record that the district court did not err in finding that the state trial and appellate courts' rulings that counsel's decision was

a reasonable tactical decision did not constitute an unreasonable application of clearly established federal law. The state trial court held an extensive evidentiary hearing during which trial counsel testified to the following: (1) he had 44 years of experience as a criminal defense attorney, (2) he had tried on average 30 or 40 trials per year, and (3) he thought it was important to cross-examine the victim in order to attack her credibility and discredit her testimony. Given that, under *Strickland*'s "performance" prong, the standard of review is highly deferential, the state courts did not unreasonably apply *Strickland* in finding that Chestnut had not met his burden of proving that trial counsel's performance was constitutionally deficient. *See* 466 U.S. at 689, 104 S. Ct. at 2065.

### *Conclusion*

For the above-stated reasons, we affirm the district court's order denying Chestnut's § 2254 habeas petition.

**AFFIRMED.**